UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUL 21 2009

***

DONALD RAY WHITE,  CIV. 09-4103

Petitioner,

-vs-  OPINION AND ORDER

DOUGLAS WEBER,

Respondent.

***

Petitioner, Donald Ray White, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On November 3, 2004, the Petitioner was sentenced to 20 years imprisonment consecutive to a 10 year sentence for grand theft imposed in another case. Petitioner did not file a direct appeal. Four years later in November, 2008, Petitioner filed a state habeas petition which has been dismissed. *See* Doc. 1. The South Dakota Supreme Court affirmed, and dismissed Petitioner's state habeas claims. *Id.*; *White v. Weber*, 2009 WL 1698272 (SD June 17, 2009).

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting

the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's]...state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

The Court may raise the statute of limitations issue *sua sponte*. *Day v. McDonough*, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." *Id.* Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." *Id.* Accordingly, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that:

(1) Petitioner's motion to proceed in forma pauperis (Doc. 2) is GRANTED. Petitioner shall pay the $5.00 filing fee on or before August 24, 2009.

(2) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, by certified mail, a copy of the petition and this Order;

(3) On or before September 14, 2009, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Petitioner's federal habeas petition, filed July 14, 2009, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 21 day of July, 2009.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge