UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD RAY WHITE, | ) | Civ. 09-4103-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING STAY |
| | ) | AND PETITION FOR |
| DOUGLAS WEBER, Warden, | ) | WRIT OF HABEAS CORPUS |
| South Dakota State Penitentiary | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Donald Ray White, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. White also moves for an order staying all claims pending exhaustion of state court remedies for unexhausted claims. Respondent opposes both the petition for writ of habeas corpus and the stay.

## FACTS

White was convicted of first-degree robbery in a South Dakota state court on August 25, 2004. On August 9, 2004, White was tried on an unrelated grand theft charge, which resulted in a guilty verdict. White's counsel in his state petition for habeas corpus discovered that a juror in the case had been empaneled in White's grand theft trial, but had not been chosen to serve as a juror. In the grand theft case, the juror in question was number 39 out of 52 potential jurors to appear in court. Because the strike down method was used for jury selection in that trial, only the first 33

jurors were examined by attorneys for both parties. The juror at issue was in the courtroom and heard the questioning, but he was not questioned. Two weeks later, she was selected as a juror for the robbery trial. White was represented by the same counsel in both trials. This petition addresses only the robbery conviction.

The robbery conviction stems from a hold-up at a convenience store in Sioux Falls, South Dakota. On the night in question, White entered the convenience store, waited for another customer to leave, approached Brian Lopez, the clerk, said "This is a stick-up," and displayed what the clerk perceived as a weapon in one hand. The clerk gave White the contents of the cash register and notified police after White fled. Later, the clerk picked White out of a photographic line-up and identified him as the robber. At trial, Detective Mixell of the Sioux Falls police department testified as to this identification. Another witness, Amy Blackburn, who was acquainted with White, placed him in the area around the time of the robbery. After the jury found him guilty of robbery, White was sentenced to 20 years in the South Dakota State Penitentiary.

White filed a direct appeal, which was dismissed on his motion on November 16, 2004. He then filed a petition for writ of habeas corpus on October 13, 2006, in the Second Judicial Circuit of South Dakota. He amended his petition on December 14, 2006. A second amended petition

for writ of habeas corpus was filed on March 1, 2007. White alleged various grounds for relief. These grounds were: (1) counsel failed to exclude the juror from serving on the jury, which prejudiced the outcome of trial; and (2) counsel failed to make and preserve appropriate procedural and evidentiary objections. The state circuit court denied White's petition for a writ of habeas corpus on June 2, 2008. The South Dakota Supreme Court affirmed the denial on June 17, 2009, rejecting these claims and White's argument that allowing the juror in question to testify in the habeas corpus hearing violated SDCL 19-14-7 (Rule 606(b)).

On July 17, 2009, White filed a pro se petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. In his petition, White advances several grounds for relief, which are: (1) that the presence of the juror biased the jury panel so as to deprive White of due process of law and an impartial jury; (2) that the testimony of the juror at the state habeas corpus hearing violated the prohibition contained in SDCL 19-14-7 (Rule 606(b)) against juror testimony regarding jury deliberations; (3) that the trial court admitted Detective Mixell's testimony in violation of the hearsay rule; and (4) that trial counsel was ineffective in failing to object to or preserve for appeal prior identification evidence as hearsay.

On September 24, 2009, Magistrate Judge John E. Simko found that White's petition was timely under the AEDPA and ordered respondent to

answer the petition. Respondent filed his answer on October 23, 2009.  On

November 20, 2009, White filed a reply and memorandum in support of

reply, which alleged additional grounds for relief. These grounds are: (5) that

White was deprived of a meaningful opportunity to challenge his convictions

because appointment of counsel pursuant to SDCL 21-27-1 prevented him

from filing a pro se brief; (6) that the racial bias of the trial judge deprived

him of a fair trial; (7) that the State did not meet its burden of proof as to

the force or fear of force element of robbery; (8) that trial counsel was

ineffective in failing to move for a directed  verdict of not guilty; (9) that trial

counsel was ineffective in failing to object to the defendant's appearance in

prison clothes at trial; and (10) that trial counsel was ineffective in failing to

properly investigate the juror list. On March 8, 2010, White filed a motion to

stay his petition in order to exhaust all unexhausted grounds for relief as

set forth in his reply to respondent's answer.

## STANDARD OF REVIEW

Section 2254 of Title 28, as amended by the Antiterrorism and

Effective Death Penalty Act (AEDPA), governs a district court's authority to

grant writs of habeas corpus to state prisoners. Section 2254 provides that

a writ of habeas corpus should "not be granted with respect to any claim

that was adjudicated on the merits in state court proceedings unless," the

state court decision was "contrary to, or involved an unreasonable

4

application of, clearly established Federal law, as determined by the
Supreme Court of the United States" or unless the state court decision "was
based on an unreasonable determination of the facts in light of the evidence
presented. . . ." 28 U.S.C. § 2254(d). Under the AEDPA, it is not enough to
find that the state court applied clearly established federal law erroneously
or incorrectly—the application must also be unreasonable. *Williams v.
Taylor*, 529 U.S. 362, 411 (2000) ("an unreasonable application is different
from an incorrect one"). Accordingly, a federal court applies a deferential
standard of review when assessing a state court's disposition of a state
habeas petition. *See Barnett v. Roper*, 541 F.3d 804, 814 (8th Cir. 2008).

## DISCUSSION

### I. Exhaustion

This court may not consider a claim for relief in a habeas corpus
petition if the petitioner has not exhausted his state remedies. 28 U.S.C.
§ 2254(b). "[T]he state prisoner must give the state courts an opportunity to
act on his claims before he presents those claims to a federal court in a
habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If a
ground for relief in the petitioner's claim makes factual or legal arguments
that were not present in the petitioner's state claim, then the ground is not
exhausted. *See Kenley v. Armontrout*, 937 F.2d 1298, 1302 (8th Cir. 1991).
The exhaustion doctrine protects the state courts' role in enforcing federal

law and prevents the disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A four-step analysis governs whether a federal court can consider a habeas petition when the petitioner has not presented the claims to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). Initially, "the court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." *Id.* If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. *Id.* (quoting *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987)). If a state remedy does not exist, the court must determine whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly."*Id.* (quoting *Laws*, 834 F.2d at 1415). If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." *Id.* The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. *Id.*

### A.    Claims Presented to the State Court

Fairly presenting a federal claim requires more than simply going through the state courts:

The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard v. Connor*, 404 U.S. 270, 276 (1971). It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim. *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Id.* "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " *Id.* This does not, however, require petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (citing *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992).

Respondent asserts that several claims are unexhausted**.** White's third claim, that the trial court allowed Detective Mixell to testify as to out-of-court statements, was not made on direct appeal or raised in his state habeas petition. Furthermore, White did not directly petition the South

Dakota Supreme Court for a certificate of probable cause as to this issue, pursuant to SDCL 21-27-18.1.

Respondent also asserts that White's fourth claim, that trial counsel was ineffective in failing to properly investigate the jury list or object to or preserve for appeal the state's prior identification evidence as hearsay, was not presented in state court. This issue was not addressed in White's state petition for a writ of habeas corpus and the state circuit court did not issue a certificate of probable cause on this issue. Nor did White file a separate motion for issuance of a certificate of probable cause with the South Dakota Supreme Court. White raised this issue before the South Dakota Supreme Court in his appeal on the denial of his state habeas petition. However, the court did not address this issue, as no certificate of probable cause was issued for this claim. *White v. Weber,* 2009 SD 44, ¶10, 768 N.W.2d 144, 148. Accordingly, the court finds these claims are unexhausted.

White's reply to the respondent's answer to his petition alleges four grounds for relief not found in his petition. White argues that he was deprived of a meaningful opportunity to challenge his conviction because he received court-appointed habeas counsel and was subsequently not permitted to file a pro se brief in support of his state habeas petition. White's next federal habeas claim is that the racial bias of the trial judge deprived him of a fair trial and that such bias cannot be harmless error.

Third, White argues that the state did not meet its burden of proof as to the "force or fear of force element" required for a robbery conviction under SDCL 22-30-1, 22-30-2, 22-30-3. The court finds these claims were not presented in state court. White did not file a direct appeal, nor did he raise these arguments in his state habeas corpus proceeding. Accordingly, these claims were not adequately presented to the state court and they are unexhausted claims.

The last ground for relief raised in White's reply asserts that his trial counsel was ineffective in failing to move for a directed verdict of not guilty and failing to object to White's appearance in prison clothes at trial. While White did allege ineffective assistance of trial counsel in his state habeas proceeding, that claim was not predicated upon the facts alleged here. "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (internal citations omitted). Therefore, this claim is unexhausted.

### B.     Available Non-Futile State Remedies

"Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Smittie*, 843 F.2d

at 297 (citing *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975)). The correct inquiry focuses on whether state law has a presently available procedure for determining the merits of the petitioner's claim, not whether the state would decide in favor of the petitioner. *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984). Comity dictates that federal courts should not avoid the exhaustion requirement by attempting to predict how a state court will likely decide the merits of a claim. *Id.*

White has not demonstrated that current, non-futile state remedies do not exist for all of the claims that he failed to present to the state courts. SDCL 21-27-16.1 states:

> Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental, or amended application.

While SDCL 21-27-16.1 seems to prohibit subsequent habeas petitions to South Dakota courts that raise grounds for relief not raised in an original petition, the law does allow a petitioner to file a subsequent petition when the state court "finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original . . . application." SDCL 21-27-16-1.

The South Dakota courts may find that there was reasonable cause for White to omit certain claims in his original petition. White was represented by counsel in his state habeas proceedings. The South Dakota Supreme Court has held that the reasonable cause requirement of SDCL 21-27-16.1 is satisfied "by a showing of ineffective assistance of counsel in the original habeas corpus proceeding." *Goodroad v. Weber*, 2003 SD 132, ¶ 4, 671 N.W.2d 838, 839. Additionally, the Eighth Circuit has held that there is a possibility that non-futile state court remedies remain available to a petitioner in South Dakota upon a showing of reasonable cause pursuant to SDCL 21-27-16.1. *Ashker*, 5 F.3d at 1180. Because there may be a non-futile state procedure available and White has not shown good cause, there is no need to address the remaining steps under *Smittie v. Lockhard*, 843 F.2d 295 (8th Cir. 1988). White must exhaust the state habeas procedures before a federal court can entertain his habeas petition.

## II.     Stay and Abeyance of Mixed Petitions

When a petitioner files a habeas claim in federal court that contains both exhausted and non-exhausted claims, the petition is a mixed petition. In 1982, the Supreme Court held that such petitions must dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Following *Lundy*, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which imposed a one-year statute of limitations for filing a federal habeas petition. *See* 28

U.S.C. § 2244(d). But the Supreme Court has subsequently held that in certain circumstances a federal court may stay, rather than dismiss, a mixed habeas petition. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). The Court recognized that "stay and abeyance" might be appropriate when dismissal of the petition would jeopardize the petitioner's opportunity to file a subsequent federal claim because of the one-year statute of limitations. *Id.*

The Eighth Circuit has held that a state conviction becomes final after all direct appeals in the state system are final, followed by the 90 days which are allotted to file a petition of certiorari to the United States Supreme Court. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003); Sup. Ct. R. 13. Under the AEDPA, the statute of limitations is tolled while "a properly filed application for State post-conviction review is pending." 28 U.S.C. § 2244(d)(2).

In this case, if this court were to dismiss White's petition, it would jeopardize his ability to file a later federal petition. White was convicted on November 16, 2004, and filed a direct appeal, which was subsequently dismissed on September 6, 2005. His conviction became final by conclusion of direct review on December 2, 2005, 90 days after the judgment became final. On October 13, 2006, White filed a petition for writ of habeas corpus in state court. Between the date when his conviction became final and the date White filed his petition, 314 days elapsed. The statute of limitations

was tolled between October 13, 2006, and June 17, 2009, when the South Dakota Supreme Court affirmed the dismissal of White's state habeas corpus petition. White filed his federal petition for writ of habeas corpus on July 17, 2009. Thirty days elapsed between the court's decision on June 17, 2009, and July 17, 2009. Thus, White had exhausted 344 days of the one-year statute of limitations at the time he filed his § 2254 petition. The filing of a federal petition for a writ of habeas corpus does not toll the statute of limitations under AEDPA. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003). If this court were to dismiss his petition, White would exceed the one-year statute of limitations and be barred from pursuing federal habeas corpus relief.

Because White's ability to file a subsequent petition with this court would be jeopardized if his petition were dismissed, a stay and abeyance may be appropriate if he satisfies the other requirements of the *Rhines* test. First, White must show good cause for his failure to exhaust his claims in state court. *Rhines*, 544 U.S. at 277. Second, he must demonstrate that his claims are not "plainly meritless." *Id.* Finally, stay and abeyance will not be granted if the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 278.

### A.    White Has Not Shown Good Cause

The federal courts have yet to reach a consensus on what constitutes "good cause" for failing to exhaust state remedies. This court has held that a petitioner may show good cause by demonstrating reasonable confusion about whether a state filing would be timely. *Rhines v. Weber (Rhines II),* 408 F. Supp. 2d 844, 846-47 (D.S.D. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (recognizing a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause for him to file in federal court)). This is a lower standard than that required for a showing of procedural default and a number of federal courts have adopted some variation of this standard. *See Jackson v. Roe,* 425 F.3d 654, 662 (9th Cir. 2005); *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006); *Baker v. Horn*, 383 F. Supp. 2d 720, 747 (E.D. Pa. 2005). Other courts have adopted the standard for cause applicable to procedural defaults. This standard requires that "some objective factor external to the defense" made it impossible to bring the claim in the state proceedings as required under the AEDPA's total exhaustion requirement as stated in *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). *See Caballero v. Hartley*, No. CV 07-6453-JFW(E), 2008 WL 2413953, at *12 (C.D. Cal. June 13, 2008); *Carter v. Friel*, 415 F. Supp. 2d 1314, 1318 (D. Utah 2006); *Fernandez v. Artuz*, No.

7601, 2006 WL 121943, at *5 (S.D.N.Y. Jan. 18, 2006); *Pierce v. Hurley*, No. 2:05-CV-392, 2006 WL 143717, at *8 (S.D. Ohio Jan. 18, 2006).

White argues he has shown good cause for his failure to exhaust these claims in state court. He relies on the limited nature of the South Dakota State Penitentiary's legal library and its policies regarding inmate use of the law library. The particular policy White relies upon combines inmate law library time and library time into a single half-hour period per day and allows only one unit of prisoners access to the library at a time. This policy went into effect on April 7, 2010. Specifically, White argues these policies prevented him from discovering case law holding that a trial before a biased judge cannot be harmless error. He also argues that the policy prevents prisoners from consulting with other prisoners, which hampers their ability to proceed pro se. Respondent argues that White has not shown good cause for his failure to first present his claims in state court.

Even if this policy were sufficiently restrictive to constitute good cause, it cannot provide the basis for good cause here, because White filed his state petition three years before the policy went into effect. Furthermore, White was represented by counsel during the pendency of his state petition and the authority White claims he was precluded from discovering is well settled. *See, e.g., Arizona v. Fulminante*, 499 U.S. 279, 290 (1991) ("*Chapman* specifically noted three constitutional errors that could not be

categorized as harmless error: using a coerced confession against a defendant in a criminal trial, depriving a defendant of counsel, and trying a defendant before a biased judge."); *Taylor v. Hayes*, 418 U.S. 488, 501 (1974) (even the likelihood or appearance of bias may prevent a defendant from receiving a fair trial); *Chapman v. California*, 386 U.S. 18, 44 (1967) (Harlan, J. concurring) (trial before biased judge cannot be harmless error).

This court has held that ineffective assistance of state habeas counsel may be sufficient to show good cause, particularly when coupled with a petitioner's reasonable confusion over whether claims have been properly exhausted in state court. *See Rhines II*, 408 F. Supp. 2d at 849. *Accord. Thomas v. Conway*, No. 08-CD-6263, 2009 WL 414011, at *5 (W.D.N.Y. Feb. 18, 2009); *Lanton v. Lafler*, No. 2:06-CV-11103-DT, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007); *Ramchair v. Conway*, No. 04 CV 4241(JG), 2005 WL 2786975, at *17 (E.D.N.Y. Oct. 26, 2005). But here White has not alleged ineffective assistance of state habeas counsel nor has he demonstrated confusion regarding whether his claims have been exhausted in state court. Rather, White moves for a stay and abeyance in order to exhaust the additional grounds for relief identified in his reply to respondent's answer. White raised this issue himself, which demonstrates his understanding that the grounds for relief he alleged in his reply had not

been exhausted in state court. Accordingly, White has not shown good cause for failure to exhaust his claims in state court.

## B. White's Unexhausted Claims Are Meritless

If White had shown good cause for failing to exhaust his claims in state court, this court would also assess whether the unexhausted claims were meritless before ruling on a stay and abeyance. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). White has alleged eight unexhausted grounds for relief.

### 1. Ground 3: Trial Court's Failure to Exclude Prior Identification as Hearsay

White's first unexhausted claim asserts that the trial court's failure to exclude Detective Mixell's hearsay testimony that Brian Lopez picked White out of a photographic array as hearsay was erroneous. The testimony White objects to falls squarely within an exception to the hearsay rule. SDCL 19-16-2 (3) (801(d)) provides, "A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is . . . one of identification of a person made after perceiving him." Brian Lopez, the declarant, testified in White's robbery trial. He was subject to cross-examination and identified White as the robber. Accordingly, this claim is meritless.

### 2. Ground 5: Not Permitted to File Pro Se Brief While Represented

White's next unexhausted claim is that the appointment of counsel under SDCL 21-27-1 during his habeas corpus proceeding deprived him of a meaningful opportunity to challenge his conviction because he was not allowed to file a pro se brief. While the Second Judicial Circuit of South Dakota does not explicitly prohibit pro se filings by represented parties, refusing to accept a pro se filing when a party is represented by counsel is within the discretion of a court. *See United States v. Agofsky*, 20 F.3d 866 (8th Cir.) (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party), *cert. denied*, 513 U.S. 909 (1994); *United States v. Halverson,* 973 F.2d 1415, 1417 (8th Cir. 1992) (noting it is the policy of the Eighth Circuit not to consider pro se filings when a party is represented by attorney). Given these authorities, the court finds that White's claim is "plainly meritless."

### 3. Ground 6: Alleged Racial Bias of Trial Judge

White's next argument is that the racial bias of the trial judge deprived him of a fair trial. In alleging that the trial judge was racially biased, White relies upon a single comment made by the judge during voir dire, as he was explaining the importance of selecting an impartial jury. The trial judge stated:

> The questions that counsel will be asking aren't
> meant to pry into your personal lives and such, but
> the sole purpose is to arrive at 13 people- 12 jurors
> and 1 alternate to sit for two days and be fair and
> impartial. That's the most important function that
> we seek to serve in jury selection. I always use the
> example that if you had an ice cream tasting
> contest you wouldn't want me because I do not like
> chocolate ice cream. I love ice cream, but I don't
> like chocolate ice cream. So you wouldn't want me
> to serve as a judge in that contest because I don't
> like chocolate ice cream.

Trial Tr. Vol. I at 24-25. Contrary to White's assertions, this comment does not demonstrate racial bias or a "clear dislike of African-Americans" by the judge. Docket 20, Brief in Support of Petitioner's Reply, at 2. Rather, it is an example of a judge using an innocuous example to explain to a jury panel why an attorney would be questioning them about a contentious issue like racial prejudice. The context of the statement makes its meaning clear. Even if using the terms chocolate and vanilla may be less than ideal where an African American man is to be tried by a South Dakota jury (with comparatively little racial diversity), it does not rise to the level of constitutional error. *Accord. Kindle v. Bowersox*, 272 F.3d 532, 540 (8th Cir. 2001) ( affirming finding of insufficient racial bias to merit new trial where judge issued press release during his re-election campaign indicating he filed as a Republican because the Democratic party "place[d] far too much emphasis on representing minorities . . . and people who don't want to work").

19

#### 4. Ground 7: Elements of Robbery Not Proven

White's third unexhausted claim is that the state did not meet its burden of proof in establishing the elements of robbery and thus deprived him of due process of law.[1] Specifically, White asserts that the state presented inadequate evidence of the element of "force or fear of force" in his trial because the victim did not testify that he was afraid or that he gave the robber the money due to his fear of force, but rather that he relinquished it due to his training. The South Dakota Supreme Court expressly rejected a similar argument in *State v. Pasek*, 2004 S.D. 132, ¶¶ 9, 11, 691 N.W.2d 301, 305-06, noting that "the fear necessary for robbery is not measured by the subjective fear of the victim." Thus, if the state demonstrates that circumstances of the robbery would induce fear of force in a reasonable person, then it has met its burden of proof regarding that element. *Id.* at ¶12, 306-07. In White's case, a review of the trial transcript demonstrates that the state met its burden as to this element. The robbery occurred late at night, with only one clerk working. Brian Lopez, the clerk who was robbed, testified that White had a weapon, likely a knife, although he could not ascertain exactly what it was. He also testified that White moved behind the store counter, close to him, and held the weapon

---

[1] A challenge to the sufficiency of the evidence is "necessarily a due process challenge to the conviction." *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992).

throughout the robbery. Given this evidence, a jury could find that a reasonable person would fear force under the circumstances. Accordingly, this argument is without merit.

### 5.     Ineffective Assistance of Counsel

White has alleged four separate instances of ineffective assistance of counsel, which he failed to present in state court. Whether White's counsel's was ineffective is determined by the two-part test set forth in *Strickland v. Washington.* 466 U.S. 668 (1984). Under *Strickland*, White must show that his trial counsel's performance was both professionally deficient and that it prejudiced him. *Id.* at 687. Because the of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). As a result, decisions involving trial strategy are "virtually unchallengeable." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006). To show prejudice, White must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### a.     Ground 4: Failure to Object to Prior Identification and Location Evidence

White contends that his trial counsel was ineffective in failing to object to the testimony of Detective Mixell regarding the photographic array and Brian Lopez's identification of White. Because the testimony objected to

falls within an exception to the hearsay rule, it is properly admissible. *See supra* Part II.B. Thus, counsel's failure to object was proper and this claim is meritless.

White also asserts that his counsel should have objected to the testimony of Amy Blackburn, who testified that White visited the convenience store where she worked, which was across the street from the store White robbed, fifteen to twenty minutes before the robbery. In his petition, White asserts counsel was ineffective for failing to object because "the trial judge excluded her testimony." This assertion is incorrect. White's robbery trial was originally pending before Judge Peter Lieberman. Judge Lieberman denied an oral motion by the state to admit what it termed res gestae or Rule 404(b) prior bad act evidence[2] *See* Motion Hearing & Bond Hearing Trans. at 34. Subsequently, Judge Bradley Zell was assigned to the case and the state renewed its motion. Judge Zell granted the motion to admit the evidence. *See* Pretrial Motion Hearing Trans. at 14. Judge Zell limited the questioning of Ms. Blackburn, however, to the identity and location of White on the night of the robbery, thereby removing the

_____

[2] The state moved to admit testimony by Amy Blackburn, who worked as a clerk at a convenience store across the street from the store that was robbed. Ms. Blackburn told police that White had come into the store at around 1 a.m. on the night of the robbery and told her, "This is a stick-up." But when White recognized Ms. Blackburn, he acted as though he had been joking and talked with her for about five minutes before leaving the store.

prejudicial aspects of Ms. Blackburn's proposed testimony. A review of Ms. Blackburn's testimony demonstrates that the State complied with the judge's order. *See* Trial Trans. Vol I, at 130-34. Furthermore, her testimony was admitted for a proper purpose—to demonstrate that White was across the street from the site of the robbery shortly before it occurred. Accordingly, White's trial counsel could not be considered ineffective for failing to object and this claim is without merit.

### b.    Ground 8: Failure to Move for Directed Verdict

The next unexhausted claim alleges ineffective assistance of trial counsel due to counsel's failure to move for a directed verdict of not guilty during trial. The motion for a directed verdict has been abolished in South Dakota. *See* SDCL 23A-23-1. Instead of a motion for a directed verdict, counsel may move for a judgment of acquittal. SDCL 23A-23-1.[3] White's trial counsel did, in fact, move for a judgment of acquittal at the close of the

---

[3] SDCL 23A-23-1 provides:

Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. A court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in an indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of the offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecuting attorney is not granted, the defendant may offer evidence without having reserved the right.

state's evidence and at the close of the defense's evidence. See Trial Tr. Vol. I at 207, Vol. II at 70. Because White's trial counsel made the proper motions, at the proper times, his performance cannot be considered deficient. As a result, this claim is plainly meritless.

### c. Ground 9: Failure to Object to Appearance in Prison Clothes

White also alleges ineffective assistance of counsel due to trial counsel's failure to object to White appearing for trial in prison clothes.[4] The accused may not be compelled to stand trial before the jury while dressed in identifiable prison clothes. *Estelle v. Williams*, 425 U.S. 501 (1976). A failure to object to standing trial in prison clothes at the time of trial waives the objection. *Id.* at 508. Thus, White may not argue that he was compelled to stand trial in prison clothes, only that his attorney was ineffective in failing to object. The Court has recognized that appearance at trial in prison clothes may be a matter of trial strategy, noting "it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting

---

[4] It is unclear from the record whether White appeared in his prison clothes merely on the day of jury selection and first day of trial and or for the entire trial. The transcript does indicate that during voir dire, Mr. White may have been wearing prison clothes. *See* Trial Tr., Vol. I., at 23 ("[W]e would like to make amends for his appearance because we did have nice trial clothes in at the jail and they seem to have gotten lost and so we apologize for his appearance.") The trial judge had entered an order that White not be in leg shackles or handcuffs and that he be allowed to wear civilian clothes during the trial. *See* Order, August 23, 2004.

sympathy from the jury." *Id.*; *Hill v. Mitchell,* 400 F.3d. 308 (6th Cir. 2005)

(no ineffective assistance of counsel where attorney did not object to client

being tried in prison clothes); *United States v. Waterbury*, No. 03-20051-

JWL, 2008 WL 4381975, at * 6 (D. Kan. Sept. 26, 2008). While that does not

appear to be the case here, *see supra* n.5, this court need not address that

issue because White has not demonstrated that he was prejudiced by his

appearance in prison clothes. "[I]f an ineffectiveness claim may more easily

be disposed of . . . on the ground of lack of sufficient prejudice [than by

assessing whether the challenged action was a reasonable trial strategy] . . .

that course should be followed." *Strickland*, 466 U.S. at 697.

White has provided no evidence that the result of his trial would have

been different if he had been dressed in civilian clothes. During White's trial,

a police officer testified that the victim had picked White out of a

photographic lineup. The prosecution established that the victim had ample

time to observe White during the robbery, that White stood within two feet of

the victim, and that the convenience store was well-lit. Additionally, an

acquaintance of White's testified that he had been in the vicinity of the

robbery 15 to 20 minutes prior to when it occurred. Members of the Sioux

Falls police department also testified that other suspects had been

eliminated. Given this evidence, the court cannot conclude that White was

prejudiced by his counsel's failure to object to his appearance at trial in prison clothes.

### d. Ground 10: Failure to Properly Investigate the Jury List

White next asserts that his trial counsel's performance in failing to investigate the juror list and ascertain that the juror in question was impaneled for both cases was ineffective assistance of counsel. Assuming failing to discover that the juror in question was impaneled for both cases was deficient performance by trial counsel, White cannot prevail on this claim. Because this court concludes that the juror in question was not actually or impliedly biased, *see infra* Part III.A, White's trial counsel's failure to investigate the jury list and prevent her from serving on the jury did not affect the outcome of White's trial. Consequently, this ineffective assistance of counsel claim fails.

Even though there is no evidence that White has engaged in abusive litigation tactics or purposeful delay, White has not demonstrated good cause for his failure to exhaust his unexhausted claims. None of White's unexhausted claims have merit. Thus, White's motion for stay and abeyance of the proceedings is denied.

## III. Federal Petition for Writ of Habeas Corpus

Because White's motion for a stay and abeyance is denied, the court will now address White's exhausted claims. Section 2254 of the AEDPA

provides that a writ of habeas corpus should "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless," the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented. . . ." 28 U.S.C. § 2254(d).

### A. Ground 1: Juror Bias

White argues that the presence of the juror who was impaneled for his grand theft trial on the jury for his robbery trial biased the jury panel, depriving him of due process of law and an impartial jury. The Fifth and Sixth Amendments to the United States Constitution guarantee the accused the right to due process of law and a fair trial by an impartial jury. "Due Process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips,* 455 U.S. 209, 217 (1982). The United States Supreme Court has "long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias. *Id.* at 216 (quoting *Remmer v. United States*, 347 U.S. 227, 230 (1954)).

In this case, the state court granted an evidentiary hearing on White's state petition and found that the juror in question was not biased and that her presence did not deprive him of an impartial jury. The juror testified at the hearing that she did not recognize White at his robbery trial and that she could not recall the details of the grand theft case, including who the parties were. Based on this evidence, the habeas court found no actual bias. The South Dakota Supreme Court affirmed. *White v. Weber*, 2009 SD 44, ¶8, 768 N.W.2d 144, 148. During federal habeas review, juror bias is a question of fact. *Williams v. Norris*, 612 F.3d 941, 954 (8th Cir. July 25, 2010) (citing *Mack v. Caspari*, 92 F.3d 637, 642 (8th Cir. 1996), *cert. denied*, 520 U.S. 1109 (1997)). Under the AEDPA, a state court's determination of a question of fact is presumed correct; the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). White has not met this burden. Thus, this court accepts the South Dakota Supreme Court's finding that the juror was not actually biased.

White further argues that the facts in this case create presumed bias on the part of the juror. Presumed bias means "a bias attributable in law to the prospective juror regardless of actual partiality." *United States v. Wood*, 299 U.S. 123, 134 (1936). It is unclear whether juror bias may ever be presumed in the Eighth Circuit. *See Sanders v. Norris*, 529 F.3d 787, 791-

92 (8th Cir. 2008) (collecting cases). But even if juror bias may be presumed, this is not one of the "exceptional situations" that "cast such doubt on a juror's impartiality" that even in the face of a finding of no actual bias, "the Sixth Amendment right to an impartial jury should not allow a verdict to stand." *Smith*, 455 U.S. at 222 (O'Connor, J. concurring). Such extreme cases would include discovering that "the juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction." *Id.* The juror in question does not fit into any of these examples. Rather, White argues that the juror's mere presence at jury selection for an earlier offense should create presumed bias. This is insufficient as a matter of law. Consequently, White cannot prevail on this claim.

**B.      Ground 2: Juror Testimony at Evidentiary Hearing**

White's final claim is that allowing the juror in question to testify at the evidentiary hearing violated the prohibition against juror testimony regarding jury deliberations contained in SDCL 19-14-7 (Rule 606(b)). SDCL 19-14-7 provides in relevant part:

> Except as otherwise provided by statute, upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to

or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. . .

White contends that the juror testified as to "the effect of anything upon [her] . . . mind" in violation of the rule. The South Dakota Supreme Court rejected this argument, noting that the state habeas court permitted only questioning as to whether the juror in question recognized White. *White v. Weber*, 2009 SD 44, ¶7, 768 N.W.2d 144, 148. Because the habeas court did not permit any discussion of jury deliberations or the juror's state of mind, the court concluded that the juror's testimony "dealt only with whether any outside influence was improperly brought to bear upon any juror," which was proper under the rule. *Id.*

In *Tanner v. United States*, 483 U.S. 107 (1987), the United States Supreme Court discussed the extraneous information exception to the rule of juror incompetency contained in Fed. R. Evid. 606(b).[5] The Court held that juror alcohol and drug use during the trial was not an external influence, and thus, evidence of alcohol and drug use was not admissible to impeach the verdict. *Id.* at 121. The Court listed other examples of

_____

[5] The language of SDCL 19-4-7 is identical to the language of Fed. R. Evid. 606(b).

extraneous information or influence, which included a bailiff's comments on the defendant, a bribe offered to a juror, and the fact that a juror had applied for a position with the District Attorney's office. *Id* at 117 (internal citations omitted). These examples do little to clarify whether a juror's recognition (or non-recognition) of a criminal defendant would be considered external influence. The Eighth Circuit has held that a juror's testimony that he recognized the defendant as being accused of another crime was not admissible under this exception. *See United States v. Eagle*, 539 F.2d 1166, 1170 (8th Cir. 1976), *cert. denied*, 429 U.S. 1110 (1977). In reaching that conclusion, the court relied on the fact that the juror had not voiced his suspicions to other jurors. *Id.*

"[A} federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Here, the state court was confronted with a claim of juror bias. It relied upon the well-settled rule that "the remedy for allegations of juror impartiality is a hearing in which the defendant has the opportunity to prove actual bias." *Smith*, 455 U.S. at 215 (citing *Remmer v. United States*, 347 U.S. 227 (1954)). The testimony of the allegedly biased juror was the only way to ascertain the presence or absence of bias. Furthermore, as the

South Dakota Supreme Court noted, the state court properly limited the scope of the questioning. *White*, 2009 SD 44, ¶7, 768 N.W.2d at 148. Even if White's contention that the testimony was erroneously admitted is correct, the South Dakota Supreme Court's decision is not an unreasonable application of the law. Accordingly, it is

ORDERED that White's motion for a stay and abeyance (Docket 21) is denied.

IT IS FURTHER ORDERED that Whites' federal petition for writ of habeas corpus (Docket 1) is denied.

Dated September 29, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
CHIEF JUDGE